Johnson, J.
The defendant should have been allowed to show that there was no force-pump in the' distillery, according to their offer. The answer stated that, after the making of the survey and before the fire, the plaintiff removed the force-pump ; and the judge at the trial ruled that the defendant was to be confined' to proving this precise allegation. As the plaintiff by his application had warranted that a force-pump was in the distillery, he certainly could not be permitted to show that his own representation in that respect was false. When, therefore, the defendant proposed to prove that there was none there, the most favorable aspect of the case for the plaintiff was that it had been removed subsequently to the issuing of the policy, for that supposition would be consistent with the truth of the plaintiff’s description of the property. The legal effect, therefore, of the defendant’s offer was to prove the allegation in his answer, that the pump had been removed. But without resorting to the foregoing view of the case, the provisions of the Code are sufficiently broad, as they have been con *497 strued in this court, to enable the defendant to give the proposed evidence in respect to the pump. The only exception to the rule, that variances are to be disregarded when the party setting up the variance does not show that he has been actually misled, is found in section one hundred and seventy-one of the Code. Where the allegation of the defence to which the proof is directed is unproved, not in some particular or particulars only, but in its entire scope and meaning, it shall be deemed a failure of proof and not an amendable variance. It cannot justly be said that here was a failure to prove the defence in its entire scope and meaning. The substantive ground of defence was that the defendant had not had that protection against being made liable on its contract of indemnity, which the plaintiff had agreed that it should have, in the matter of the force-pump. Whether it had not been there when the contract was made, or whether it had been subsequently removed, was a circumstance of little consequence to them. The substantive thing was, that it was not there when, by the contract, it ought to have been. The plaintiff can by no possibility have been misled in this case. He could not have been prepared to meet the issue as to the removal of the pump, without being also prepared to show that it had at some time been there, and this was what the defendant proposed to contradict.
The case of variance is by no means so strong as that in Gatlin v. Gunter (1 Kern., 368); and in that case we thought that the court should have disregarded the variance and directed an amendment, or had the fact found according to the evidence. On this ground there should be a new trial.
Shahklakd, J., also delivered an opinion for reversal- and a new trial. All the judges concurring,
Judgment reversed and new trial ordered.